ANN WALSH BRADLEY, J.
¶ 60. (concurring). Although I agree with the majority's conclusion that septage is a pollutant here, I part ways with the majority when it undertakes an analysis of "occurrence." Not only is the analysis unclear, it is unnecessary to the decision, and inconsistent with Wilson Mutual Ins. Co. v. Falk, 2014 WI 136, 360 Wis. 2d 67, 857 N.W.2d 156, a case decided on the same day, on the same issue.
¶ 61. It is unclear whether the majority is embarking on a cause approach or damage approach in determining what constitutes an occurrence. It quotes a leading authority on insurance law, Couch on Insurance, for the premise that "[m]ost courts have focused on the damage caused by the pollution and have concluded that there is an occurrence when the insured did not expect or intend the resultant damage." *159 Majority op., ¶ 25 (quoting 9 Steven Plitt et al., Couch on Insurance § 127.4 (2008)). It then discusses Am. Family Mut. Ins. Co. v. Am. Girl, Inc., 2004 WI 2, ¶ 38, 268 Wis. 2d 16, 673 N.W.2d 65, which looked at both cause and damage in its discussion of occurrence. Id., ¶ 26.
¶ 62. Yet, after discussing these authorities, the majority cites United Coop. v. Frontier FS Coop., 2007 WI App 197, ¶¶ 12, 15, 304 Wis. 2d 750, 738 N.W.2d 578, for the premise that the focus in an occurrence determination is on "the event or series of events that allegedly caused the alleged bodily injury or property damage." Id., ¶ 27. The majority then concludes that the occurrence in this case was the "[s]eepage of decomposing septage into the water supply" and "the resulting harm is water with elevated nitrate levels." Id., ¶ 28. By including its statement that the resulting harm was something other than the occurrence, the majority suggests it is taking the cause approach. Without a definite statement, however, the juxtaposition of this conclusion with the conflicting authorities renders the majority's analysis unclear.
¶ 63. Not only is the majority's analysis of what constitutes an occurrence unclear, but it is also unnecessary. What constitutes an occurrence was not addressed in the arguments presented by the parties. This issue was neither briefed nor argued, and none of the leading cases on pollution exclusions discuss it. See Hirschhorn v. Auto-Owners Ins. Co., 2012 WI 20, 338 Wis. 2d 761, 809 N.W.2d 529; Peace v. Northwestern Nat'l Ins. Co., 228 Wis. 2d 106, 596 N.W.2d 429 (1999); Donaldson v. Urban Land Interests, 211 Wis. 2d 224, 564 N.W.2d 728 (1997); Langone v. Am. Family Mut. Ins. Co., 2007 WI App 121, 300 Wis. 2d 742; 731 *160 N.W.2d 334; United States Fire Ins. Co. v. Ace Baking Co., 164 Wis. 2d 499, 476 N.W.2d 280 (Ct. App. 1991).
¶ 64. Lastly, if the majority is going to address what constitutes an occurrence, it should do so in a consistent manner. As noted above, the majority appears to take a cause approach to occurrence. This conflicts with the apparent approach embraced in Wilson Mutual, 360 Wis. 2d 67, ¶ 32, which we also release today. Wilson Mutual acknowledges that "Wisconsin is in the jurisdictional majority in defining an occurrence as unexpected or unintended resultant damage." Which precedent should future attorneys follow?
¶ 65. Overall, the majority's occurrence discussion is problematic. By creating unclear, unnecessary, and inconsistent precedent, the court does not live up to its obligation to provide a clear and concise articulation of a legal standard. Accordingly, I respectfully concur.